UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH GUERRA and
RAMON MENDOZA,

    Plaintiffs,

v.                                          Case No. 3:24-cv-729-MMH-MCR

ADVENTHEALTH PALM COAST
PARKWAY HOSPITAL,

    Defendant.

**O R D E R**

**THIS CAUSE** is before the Court sua sponte.  Plaintiffs initiated the instant action on July 22, 2024, by filing a six-count Verified Complaint and Demand for Jury Trial (Doc. 1; Complaint).  On July 26, 2024, the Court struck the Complaint as an improper shotgun pleading and directed Plaintiffs to file a corrected complaint.  See Order (Doc. 13) at 3.  On July 27, 2024, Plaintiffs filed a seven-count Amended Complaint and Demand for Jury Trial (Doc. 14). In the Amended Complaint, each Plaintiff asserts claims for employment discrimination against Defendant AdventHealth Palm Coast Parkway Hospital pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq and the Florida Civil Rights Act.  See generally Amended Complaint.  Upon

review, the Court finds it appropriate to sever Plaintiffs' claims into separate actions pursuant to Rule 21, Federal Rules of Civil Procedure (Rule(s)).

Rule 21 permits the Court to "sever any claim against a party." Although Rule 21 generally relates to the misjoinder of parties, the severance provision "is not so limited." See Essex Ins. Co. v. Kart Constr., Inc., No. 8:14-cv-356-T-23TGW, 2015 WL 628782, at *5 (M.D. Fla. Feb. 12, 2015). Indeed, "'[a] district court has broad discretion when deciding whether to sever claims under Rule 21 and may consider factors such as judicial economy, case management, prejudice to parties, and fundamental fairness.'" Id. (quoting Potts v. B & R, LLC, No. 8:13-cv-2896-T-27TGW, 2014 WL 1612364, at *3 (M.D. Fla. Apr. 21, 2014)). Here, although Plaintiffs' claims generally involve the same alleged acts of discrimination by the same employer, it is nevertheless the undersigned's experience that employment discrimination cases such as these require fact-intensive and individualized inquiries into a plaintiff's work-history and specific circumstances. And notably, Plaintiffs' claims are not entirely overlapping. Plaintiff Joseph Guerra brings gender discrimination and retaliation claims that Plaintiff Ramon E. Mendoza does not assert, and only Plaintiff Mendoza raises a hostile work environment claim. Thus, allowing these individual Plaintiffs to proceed together would likely result in separate motions for summary judgment that, apart from involving some of the same general alleged unlawful conduct (discrimination in violation of Title VII)

and some common witnesses, actually involve distinctly different legal and factual issues. The jury could face the same problem if Plaintiffs went to trial together. As such, the Court is of the view that allowing these claims to proceed together would be inefficient and contrary to the interests of judicial economy. In light of the foregoing, the Court will exercise its discretion to sever the claims in this action. However, given the similarity of the alleged discrimination, the Court does find it appropriate to consolidate these cases for purposes of discovery.[1]

In addition, upon review of the Amended Complaint, the Court notes that Count V reflects the same improper combination of distinct theories of relief that the Court addressed in its July 26, 2024 Order. See Amended Complaint ¶ 52. Specifically, Count V appears to combine allegations of retaliation and retaliatory hostile work environment. See id. As previously explained, this manner of pleading is improper. See Order (Doc. 13) at 2-3. Accordingly, the Court will strike the Amended Complaint and direct each Plaintiff to file a second amended complaint in their respective case. The second amended complaint must properly separate each cause of action into a different count. Accordingly, it is

**ORDERED:**

---

[1] The Court leaves to the parties' discretion whether to proceed jointly with mediation or to conduct separate mediation conferences.

1. Pursuant to Rule 21, the claims of the individual Plaintiffs in this action are **SEVERED**.

2. **Without charging a filing fee**, the Clerk is **directed** to open a new civil case bearing the style of Ramon Mendoza vs. AdventHealth Palm Coast Parkway Hospital, a Florida Profit Corporation doing business in the State of Florida. The Clerk shall then terminate Mendoza as a plaintiff in this action and this case shall proceed only as to Plaintiff Joseph Guerra.

3. The Clerk is **further directed** to file a copy of all the docket entries from the instant case into Ramon Mendoza's new case, including a copy of this Order, and **direct assign** the new case to the undersigned and the Honorable Monte C. Richardson, United States Magistrate Judge.

4. The Clerk is **directed** to **consolidate** the new case with this one for purposes of discovery only, utilizing this, the Guerra case, as the lead case. As such, the parties shall file any discovery-related motions in the Guerra case only.

5. The Amended Complaint and Demand for Jury Trial (Doc. 14) is **STRICKEN**. On or before **August 23, 2024**, each Plaintiff shall file a second amended complaint in his respective case which complies

with the directives of this Order. Failure to do so may result in a dismissal of the action.

6. Defendant shall respond to the second amended complaints in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida, on August 8, 2024.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record